**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kenneth R. Mickas, | ) | No. CV 07-2612-PHX-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| (1) Scottsdale Insurance Company; | ) | |
| (2) Scottsdale Insurance Company's | ) | |
| subsidiaries, | ) | |
| (3) National Casualty Insurance, | ) | |
| (4) Litchfield Special Risks, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

        Federal courts are courts of limited jurisdiction.  As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The party asserting jurisdiction bears the burden of proving a jurisdictional basis exists.  *Id.*  In this case, because Plaintiff filed his suit in federal district court, he must show that the federal court is authorized to hear his case.

        In his complaint, Plaintiff's total jurisdictional allegation is, "This court has jurisdiction because the defendant's headquarters are located in Scottsdale, Arizona."  Such an allegation is insufficient to establish federal subject matter jurisdiction.  Therefore,

1    IT IS ORDERED that on February 4, 2008 at 11:00 a.m., Plaintiff shall appear and

2  show cause why this case should not be dismissed for lack of federal subject matter

3  jurisdiction.

4    DATED this 4th day of January, 2008.

5

6

7                                                    _____
                                                          James A. Teilborg
8                                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28